**COZEN O'CONNOR**
Valerie D. Rojas (State Bar No. 180041)
vrojas@cozen.com
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: (213) 892-7965
Facsimile:  (213) 784-9076
Counsel for Plaintiff SCOTTSDALE
INSURANCE COMPANY

Saied Kashani (State Bar No. 144805)
saiedkashani@gmail.com
800 W 1st Street Suite 400
Los Angeles, CA 90012
Telephone: (213) 625-4320
Counsel for Defendants
VIVERA PHARMACEUTICALS, INC.
and PAUL EDALAT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, | Case No.: 8:22-cv-01191-DOC-KES |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | The Hon. David O. Carter |
| VIVERA PHARMACEUTICALS, INC., a Delaware corporation, and PAUL EDALAT, Defendants. | DATE:          October 17, 2022 TIME:          8:30 a.m. COURTROOM: 10A |

Plaintiff Scottsdale Insurance Company ("Scottsdale") and Defendants Vivera

Pharmaceuticals, Inc. ("Vivera") and Paul Edalat ("Edalat" or, together with Vivera,

- 1 -

"Defendants") hereby submit this Joint Report pursuant to 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1.

## I.   **CONFERENCE**

On September 29, 2022, Scottsdale and Defendants, by and through their respective counsel, met and conferred via email as required by F.R.C.P. 26(f) and Local Rule 26-1. The parties also discussed this Court's Order of September 20, 2022. The following are the results of their discussions.

## II.   **STATEMENT OF THE CASE**

### **Scottsdale's Position:**

This is an insurance coverage action in which Scottsdale seeks various declarations relating to whether there is coverage for a lawsuit captioned *Vivera Pharmaceuticals, Inc. v. GD Laboratory Consulting, LLC, et al.*, Lead Case No. 30-2021-01207052-CU-CO-CJC (Superior Ct. Orange Cnty., Cal.) (the "Underlying Action") under Business and Management Indemnity insurance policy No. EKS3342799 that Scottsdale issued to Vivera effective for the period from August 7, 2020 to August 7, 2021 (the "Policy"). Specifically, Scottsdale seeks the following declarations: (1) Defendants have breached the Policy's "Cooperation Clause" and Scottsdale has been prejudiced as a result; (2) the Policy's "Contractual Liability Exclusion" bars coverage under the Policy for Vivera; (3) the wrongdoing alleged against Edalat in the Underlying Action is in a uninsured capacity; (4) the Policy's "IP Exclusion" bars coverage under the Policy for Vivera; (5) the Policy's "Property Damage Exclusion" bars coverage under the Policy for the Underlying Action; (6) the Policy's "Prior and Pending Exclusion" bars coverage under the Policy for the Underlying Action; (7) the Policy's "Interrelated Wrongful Acts Exclusion" bars coverage under the Policy for the Underlying Action; and (8) the Policy's "Warranty Exclusion" bars coverage under the Policy for the Underlying Action.

Defendants deny that Scottsdale is entitled to the relief it seeks, and filed a Counterclaim for breach of contract and breach of the covenant of good faith and fair

dealing. Scottsdale denies that Defendants are entitled to the relief that they seek in the Counterclaim.

**Defendants' Position:**

Scottsdale accepted the defense of its insureds Vivera and Paul Edalat in the underlying case subject to a reservation of rights.  The underlying case involves both the insureds' claims against the other side (GD et al) and GD et al's claims against the insureds.  Scottsdale appointed defense counsel to defend against GD's claims.  The insureds have their own separate paid counsel to prosecute the insureds' claims.

Defendants contend Scottsdale's appointed defense counsel have been "slow-walking" the defense while Scottsdale disputes coverage in this federal action, and moreover that appointed counsel has been abdicating its duty to defend to Vivera's separate paid counsel.  In other words, defendants contend Scottsdale's paid counsel has been doing little or nothing to defend the case and instead relying on the insureds' separate paid counsel both to prosecute the affirmative claims and to establish the defenses.   Scottsdale disputes these contentions.

Defendants further contend that Scottsdale's demanded schedule for this case, which includes, for example, conclusion of all discovery within 6 months or so, is designed to exert pressure on defendants and force them to expend resources they do not have defending this federal action instead of the underlying case.  Defendants request this Court to reject Scottsdale's overly-rapid schedule in its entirety and adopt defendants' proposed schedule.  For example, Scottsdale demands a trial in October 2023, which is only one year from now, and presumably not realistic based on this Court's schedule.

Defendants also contend that whether or not subject matter jurisdiction is technically met, this lawsuit involves entirely State law issues and implicates proceedings in State court, and simply does not belong in federal court.  Defendants contend Scottsdale intentionally filed this suit in federal court in bad faith in order to increase the costs and burdens on its insureds and hoping its insureds would lack to

1  resources to contest a federal case.  To that end, Scottsdale already tried

2  unsuccessfully to take its insureds' default in this case.  There is simply no good

3  reason why Scottsdale should not have filed this case in State court, specifically, in the

4  same court which is already hearing the underlying case.

5  In response, defendants point out that Scottsdale has already accepted the

6  defense pursuant to a reservation of rights.  Defendants contend Scottsdale is not

7  entitled to any relief and has brought this action in bad faith.  Among other issues,

8  defendants point out that Scottsdale was on notice of issues or potential issues

9  disclosed in the policy application, including facially inconsistent and incomplete

10  responses to questions, but issued the policy nonetheless without any investigation.

11  Defendants contend the current action is an attempt at post-claim underwriting.

12  Scottsdale also filed its insured's confidential financial information in public court and

13  then failed to promptly obtain a seal of the same despite notice from the insureds.  As

14  a direct result, the insureds were harmed.

15  Defendants further contend Scottsdale's action puts its insureds in the untenable

16  position of making arguments that advance the underlying case against the insureds in

17  order to refute Scottsdale's claims.  Accordingly, Scottsdale's affirmative case should

18  be stayed under  Montrose Chemical Corp. v. Superior Court, 6 Cal. 4th 287 (1993).

19  To take just one example, Scottsdale's contention of "non-cooperation" is based on its

20  contention that the insureds are not cooperating with their appointed defense counsel

21  in the underlying case.  To disprove this contention, insureds would have to depose

22  and take discovery *from their own lawyers* in the underlying case, including as their

23  counsel's tactics and impressions of their client, *while the case is ongoing*.  This alone

24  is grounds to stay Scottsdale's declaratory relief action.

25  Defendants also contend this lawsuit is a quintessentially State-law dispute and

26  Scottsdale should have filed in in State court.  Defendants contend Scottsdale filed

27  this case in federal court primarily to increase costs and burdens on their insureds and

28

to force their insureds to litigate in two different courts (the underlying action is pending in State court).

Defendants also contend Scottsdale is obligated to pay for <u>Cumis</u> counsel for its insureds.

Defendants deny that Scottsdale is entitled to the relief that it seeks, and filed a Counterclaim for breach of contract and breach of the covenant of good faith and fair dealing. If Scottsdale's declaratory relief action is stayed under <u>Montrose</u>, defendants contend their bad faith action should proceed or could, alternatively, be remanded to State court to proceed.  Scottsdale denies that Defendants are entitled to the relief that they seek in the Counterclaim.

## III.   LEGAL ISSUES

### Scottsdale's Position:

1.    Whether Defendants have breached the Policy's "Cooperation Clause";

2.    Whether Scottsdale has been prejudiced as a result of Defendants alleged breach of the "Cooperation Clause";

3.    Whether the "Contractual Liability Exclusion" bars coverage for Vivera under the Policy;

4.    Whether the Underlying Action alleges Edalat committed a "Wrongful Act" within the scope of coverage of the Policy;

5.    Whether the "IP Exclusion" bars coverage for Vivera under the Policy;

6.    Whether the "Property Damage Exclusion" bars coverage for the Underlying Action under the Policy;

7.    Whether the "Prior and Pending Exclusion" bars coverage for the Underlying Action under the Policy;

8.    Whether the "Interrelated Wrongful Acts Exclusion" bars coverage for the Underlying Action under the Policy;

9.    Whether the "Warranty Exclusion" bars coverage for the Underlying Action under the Policy;

10.     Whether Scottsdale has breached the Policy; and

11.     Whether Scottsdale breached the covenant of good faith and fair dealing.

**Defendants' Position:**

A.     **Scottsdale's affirmative case**

1.     Whether Defendants have breached the Policy's "Cooperation Clause";

2.     Whether Scottsdale has been prejudiced as a result of Defendants alleged breach of the "Cooperation Clause";

3.     Whether the "Contractual Liability Exclusion" bars coverage for Vivera under the Policy;

4.     Whether the Underlying Action alleges Edalat committed a "Wrongful Act" within the scope of coverage of the Policy;

5.     Whether the "IP Exclusion" bars coverage for Vivera under the Policy;

6.     Whether the "Property Damage Exclusion" bars coverage for the Underlying Action under the Policy;

7.     Whether the "Prior and Pending Exclusion" bars coverage for the Underlying Action under the  Policy;

8.     Whether the "Interrelated Wrongful Acts Exclusion" bars coverage for the Underlying Action under the Policy;

9.     Whether the "Warranty Exclusion" bars coverage for the Underlying Action under the Policy;

10.     Whether Scottsdale was on notice of potential underwriting issues from the application or otherwise and thus is barred from "post-claim underwritting" at this time.

11.     Whether Scottsdale's appointed defense counsel are "slow-walking" the defense of the insureds while this declaratory relief action is pending or otherwise failing to provide a proper defense.

12.     Whether the Scottsdale action is subject to a <u>Montrose</u> stay at this time.

13.     Whether Scottsdale has directly or indirectly imposed an improper limit on defense expenditures less than the policy limit.

**B.     Vivera's counterclaim**

14.     Whether Scottsdale has breached the Policy

15.     Whether Scottsdale breached the covenant of good faith and fair dealing.

16.     Damages and attorney fees to which insureds may be entitled

17.     Whether Scottsdale is obligated to pay for <u>Cumis</u> counsel for its insured

## IV.   <u>DAMAGES</u>

Scottsdale seeks attorneys' fees, costs, and the following declarations in this lawsuit:

1.     declaring that the Insureds have breached the Cooperation Clause, that Scottsdale has been prejudiced by the Insureds' breach of the Cooperation Clause and that, as a result, there is no coverage for the Underlying Action under the Policy, Scottsdale has no duty to defend or indemnify the Insureds in connection with the Underlying Action, and Scottsdale is entitled to recoup from the Insureds any amounts it has paid in defense of the claims asserted against the Insureds in the Underlying Action;

2.     declaring that the Contractual Liability Exclusion bars coverage under the Policy for Vivera, in whole or in part, with respect to the claims asserted against Vivera in the Underlying Action and, as a result, Scottsdale has no duty to defend and/or indemnify Vivera in connection with the Underlying Action;

3.     declaring that the Underlying Cross-Complainants allege certain wrongdoing allegedly committed by Edalat in his personal capacity as a member of Focal Point that is not brought against him in an insured capacity and does not constitute a Wrongful Act within the scope of coverage of the Policy and, as a result, Scottsdale has no duty to indemnify Edalat in connection with any liability for such wrongdoing in the Underlying Action;

4.     declaring that the IP Exclusion bars coverage under the Policy for Vivera,

in whole or in part, with respect to the claims asserted against Vivera in the Underlying Action and, as a result, Scottsdale has no duty to defend and/or indemnify Vivera in connection with the Underlying Action, and Scottsdale is entitled to recoup from Vivera any amounts it has paid in defense of the claims asserted against Vivera in the Underlying Action;

5.      declaring that the Property Damage Exclusion bars coverage under the Policy for the Insureds, in whole or in part, with respect to the claims asserted against the Insureds in the Underlying Action and, as a result, Scottsdale has no duty to defend and/or indemnify the Insureds in connection with the Underlying Action, and Scottsdale is entitled to recoup from the Insureds any amounts it has paid in defense of the claims asserted against the Insureds in the Underlying Action;

6.      declaring that the Prior and Pending Exclusion bars coverage under the Policy for the Insureds with respect to the claims asserted against the Insureds in the Underlying Action and, as a result, Scottsdale has no duty to defend or indemnify the Insureds in connection with the Underlying Action, and Scottsdale is entitled to recoup from the Insureds any amounts it has paid in defense of the claims asserted against the Insureds in the Underlying Action;

7.      declaring that the Interrelated Wrongful Acts Exclusion bars coverage under the Policy for the Insureds with respect to the claims asserted against the Insureds in the Underlying Action and, as a result, Scottsdale has no duty to defend and/or indemnify the Insureds in connection with the Underlying Action, and Scottsdale is entitled to recoup from the Insureds any amounts it has paid in defense of the claims asserted against the Insureds in the Underlying Action; and

8.      declaring that the Warranty Exclusion bars coverage under the Policy for the Insureds with respect to the claims asserted against the Insureds in the Underlying Action and, as a result, Scottsdale has no duty to defend or indemnify the Insureds in connection with the Underlying Action, and Scottsdale is entitled to recoup from the

Insureds any amounts it has paid in defense of the claims asserted against the Insureds in the Underlying Action.

Defendants seek compensatory and punitive damages, attorneys' fees, costs, and the following declarations in their Counterclaim:

1.    an order prohibiting Scottsdale from withdrawing the defense or imposing any limit other than the policy limit to defense expenditures;

2.    an order directing Scottsdale to provide a vigorous defense and for appointed counsel to stop "slow-walking" the defense while Scottsdale disputes coverage, and for appointed counsel to stop abdicating its defense duties to Vivera's paid counsel.

3.    a *Montrose* stay of this action; and

4.    an order directing Scottsdale to pay for *Cumis* counsel.

5.    Damages for Scottsdale's bad faith, including for Scottsdale's public disclosure of Vivera's confidential financial information and failure, apparently to date, to obtain a seal of said information.

## V.    <u>INSURANCE</u>

This is a declaratory relief action and counterclaim seeking judicial determination of Scottsdale's defense and indemnity obligations to Defendants under the Policy.  The counterclaim seeks damages for bad faith.

## VI.    <u>MOTIONS</u>

### <u>Scottsdale's Position:</u>

Scottsdale does not anticipate the filing of a motion to seek to add parties or claims, to amend pleadings, to dismiss for lack of jurisdiction, or to transfer venue. Scottsdale anticipates filing a motion for summary judgment after the completion of some discovery.

### <u>Defendants' Position:</u>

Defendants anticipate filing a motion to stay this coverage action, a motion to appoint and require Scottsdale to pay for <u>Cumis</u> counsel, and potentially a motion to

dismiss for lack of subject matter jurisdiction, and Scottsdale anticipates opposing Defendants' motions.  As to subject matter jurisdiction, Scottsdale is apparently  part of Nationwide Insurance and investigation is needed as to whether Nationwide can be considered a resident for California for purposes of subject matter jurisdiction.

Vivera may seek to implead its broker on a cross-claim for indemnity, however, such a cross-claim itself presents <u>Montrose</u> issues.

## VII.  <u>COMPLEXITY</u>

The parties do not believe that this is a complex case and the procedures set forth in the manual for Complex Litigation are not required.

## VIII.  <u>STATUS OF DISCOVERY</u>

The parties have not yet engaged in discovery. Scottsdale proposes that the parties exchange Initial Disclosures on or before November 1, 2022. Defendants propose that the parties exchange Initial Disclosures on or before January 3, 2023 (assuming the matter is not stayed).

## IX.  <u>DISCOVERY PLAN</u>

***FRCP 26(f)(3)(A):*** No changes to the timing, form or requirements of Rule 26(a) need to be made, apart from the date for exchange of Initial Disclosures as indicated above.

### <u>Scottsdale's Position:</u>

Discovery will include depositions of key witnesses (including but not limited to Edalat, a 30(b)(6) deposition of Vivera, and the broker(s) who assisted Vivera in the procurement of the Policy), interrogatories, document requests, and requests for admission. Discovery also may include subpoenas to third parties, including but not limited to Focal Point Laboratories, LLC; ABS45, LLC; GD Laboratory Consulting, LLC; and the broker(s) who assisted Vivera in the procurement of the Policy.

### <u>Defendants' Position:</u>

Defendants contend discovery should be stayed and not commence until defendants' motion for Montrose stay is heard and decided.

Defendants will seek discovery of Scottsdale's underwriter and as to the underwriting process for this policy, and communications between Scottsdale and the appointed counsel, and the adjuster.  If the claim is not stayed, defendants will also have to seek discovery *from their own appointed counsel* in the underlying case to disprove Scottsdale's claim of "non-cooperation".  This is another reason why a <u>Montrose</u> stay is appropriate.

***FRCP 26(f)(3)(B):*** Discovery will be needed on the claims and defenses in this action.

### Scottsdale's Position:

Scottsdale believes that discovery should be bifurcated as between the coverage claims (i.e., Scottsdale's claims for declaratory judgment and Defendants' claim for breach of contract) and the bad-faith claim because bifurcation of discovery between those issues will streamline discovery in this action. In the event that the Court would conclude that there is no coverage for the Underlying Action under the Policy, there would be no need to engage in expensive and time consuming bad-faith discovery or for the Court to resolve discovery disputes relating to bad-faith discovery.

Scottsdale proposes a non-expert discovery deadline of May 26, 2023.

### Defendants' Position:

In the event Scottsdale's declaratory relief action is not stayed, defendants contend discovery should not be bifurcated.  Bifurcation will simply double effort and costs (which is perhaps Scottsdale's goal).  For example, discovery of Scottsdale's underwriting process is necessary both for coverage (to determine that Scottsdale was on notice of the issues it now claims were not disclosed in the application) and bad faith (if Scottsdale was on notice, then it is now bad faith for Scottsdale to attempt to avoid coverage based on the application).

Defendants submit this schedule is not possible, particularly as defendants have limited resources *and must defend the underlying action while defending this action as*

*well.* Defendants contend non-expert discovery should be concluded by May 26, 2024.

**FRCP 26(f)(3)(C):** The parties agree that electronically stored information may be produced as electronic .pdf files or in paper form, unless otherwise justified that such documents be produced in a particular form.

**FRCP 26(f)(3)(D):**

**Scottsdale's Position:**

Scottsdale proposes thatt the Federal Rule of Evidence ("FRE") 502(b) govern any inadvertent disclosure of privileged information. The parties agree the Court should issue an order pursuant to FRE 502(d), providing that any disclosure of privileged information between or among the parties in this action shall not act as a waiver of privilege in any other proceeding. See discussion below relating to FRCP 26(f)(3)(F) and protective order.

**Defendants' Position:**

Defendants point out Scottsdale has already "blown" this rule by filing, publicly, Vivera's confidential financial information.

**FRCP 26(f)(3)(E):** No changes should be made to the limitations on discovery.

**FRCP 26(f)(3)(F):** Discovery in this case may encompass confidential, proprietary, trade secret and/or otherwise protected information ("Private Information") pertaining to parties and non-parties to this lawsuit, including, but not limited to, private and confidential medical, financial and other personal information. To the extent that Private Information, if any, can be redacted prior to submission to the Court, the parties will protect such information by redaction. If redactions are not possible or practical (for example, if such information is voluminous), then the parties intend to submit to the Court a stipulated protective order for protection of this information if it is deemed necessary.

## X.   EXPERT DISCOVERY

### Scottsdale's Position:

Scottsdale contends the parties should designate trial experts and provide related reports pursuant to F.R.C.P. 26(a)(2) by  June 5, 2023, rebuttal experts and provide related reports by July 3, 2023 and an expert witness discovery cut-off of July 31, 2023.

### Defendants' Position:

Defendants contend Scottsdale's proposed schedule is impossible for defendants to meet while also defending the underlying action (and dealing with a reluctance to work on the part of Scottsdale's appointed counsel).  The appropriate schedule should be:

Disclosure of experts:  June 5, 2024

Reports and rebuttal:  August 3, 2024

Expert discovery:       September 15, 2024

## XI.   DISPOSITIVE MOTIONS

The parties anticipate filing cross-motions for summary judgment and/or partial summary judgment. Scottsdale believes that all of the coverage issues that are the subject of its Complaint for Declaratory Judgment are legal issues that are appropriate for the Court to resolve.  Defendants will move for a Montrose stay and payment of Cumis counsel.

## XII.   ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROCEDURE SELECTION

### Scottsdale's Position:

Scottsdale proposes participation in private mediation or a court-ordered settlement conference.

**Defendants' Position:**

Defendants reject private mediation because they cannot afford to pay for a private mediator on top of all the other expenses Scottsdale has created for them. Defendants propose Local Rule Option 2.

## XIII. SETTLEMENT EFFORTS

Counsel for the parties have previously engaged in informal settlement discussions in the Underlying Action, which were unable to resolve the issues in the present action.

## XIV. PRELIMINARY TRIAL ESTIMATE

The parties estimate that trial will take approximately five days.

**Defendants' Position:**

Defendants have requested a jury to which they are entitled on their bad faith claims.

## XV. TRIAL COUNSEL

Scottsdale will be represented by Valerie Rojas of Cozen O'Connor at trial and Sabrina Haurin of Bailey Cavalieri LLC, whose *pro hac vice* motion will be filed with the Court shortly. Defendants will be represented by Saied Kashani.

## XVI. INDEPENDENT EXPERT OR MASTER

Not applicable.

## XVII. OTHER ISSUES

This matter is currently in its preliminary stages. At this time, the parties are not aware of any other issues that may affect the status or management of this case.


DATED:  October 3, 2022                    **COZEN O'CONNOR**


                        _____*/s/ Valerie D. Rojas*_____
                        Valerie Rojas
                        Attorneys for Plaintiff
                        SCOTTSDALE INSURANCE COMPANY

1

2

3          **SAIED KASHANI**

4          _____
           Saied Kashani
5          Attorney for Defendants
           VIVERA PHARMACEUTICALS, INC.
6          and PAUL EDALAT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: *Scottsdale Insurance Company v. Vivera Pharmaceuticals Inc. and Paul Edalat*

CASE NO.: 8:22-cv-01191-DOC-KES

| Matter | Deadline | Date proposed by Scottsdale | Date proposed by Defendants/ insureds |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | Dec. 16, 2022 | Feb. 15, 2023 (these motions should await determination of proposed Montrose stay) |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretrial Conference ("FPTC") | May 22, 2023 | May 26, 2024 (to allow time to resolve Montrose stay issue) |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | June 5, 2023 | June 5, 2024 |
| Last Day to File Motions (except *Daubert* and all other Motions *in Limine*) | 16 weeks before FPTC | June 5, 2023 | Aug. 3, 2024 |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | July 3, 2023 | Sept. 15, 2024 |
| Hearing on Motions (except Daubert and all other Motions *in Limine*) | | July 10, 2023 | October 10, 2024 |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | July 24, 2023 | January 10, 2024 |
| Expert Discovery Cut- | 8 weeks before the | July 31, 2023 | Sept. 15, 2024 |

| | | | |
|---|---|---|---|
| Off | FPTC | | |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | August 7, 2023 | To be filed as a motion in limine with reference to the FPTC |
| Last Day to File Motions *in Limine* (other than *Daubert* Motions) | 4 weeks before the FPTC | August 28, 2023 | 4 weeks before the FPTC |
| Last Day to File Memorandum of Contentions of Fact and Law, Witness List, and Joint Exhibit List | 3 weeks before the FPTC | Sept. 4, 2023 | 3 weeks before the FPTC |
| Final Pre-Trial Conference **(Monday)** | | September 25, 2023 | January 10, 2025 or such later date as is convenient for the Court. |
| Trial **(Tuesday)** | | Oct. 24, 2023 | February 10, 2025 or such later date as is convenient for the court. |

///
///
///
///

Pursuant to Local Rule 5-4.3.4(a)(2)(i) of the Local Rules of the United States District Court for the Central District of California, the filer hereby certifies that the content of this document is acceptable to counsel for Plaintiff, and that counsel for Plaintiff has given authorization to affix his electronic signature hereto.

Dated: October 3, 2022    COZEN O'CONNOR

By: /s/ *Valerie D. Rojas*
        Valerie D. Rojas
        Attorneys for Defendant
        Scottsdale Insurance Company